FILED
United States Court of Appeals
Tenth Circuit

June 15, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SINCLAIR WYOMING REFINING
COMPANY,

Plaintiff - Appellant,

v.

INFRASSURE, LTD.,

Defendant - Appellee.

No. 19-8017
(D.C. No. 2:15-CV-00194-NDF)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **CARSON**, Circuit
Judges.

We abated this appeal and certified a question to the Wyoming Supreme

Court regarding Wyoming law on the award of attorney fees in insurance matters.

Once the Wyoming Supreme Court obliged us with an answer, the abatement was

lifted. We now reverse the district court and remand for further proceedings.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

This appeal arises out of an insurance dispute between Sinclair Wyoming and one of its insurers, Infrassure. Sinclair Wyoming and its parent companies (generally, Sinclair) are incorporated in Wyoming, where Sinclair's refineries are located. To insure its refineries for 2013, Sinclair solicited an all-risk insurance policy (the Policy) on the London market. Eighteen insurers subscribed to provide coverage under the Policy. Infrassure, one of the eighteen, assumed several liability for 7.5% of any covered loss. The Policy covers fire damage, as well as certain business interruption losses caused by fire.

The Policy lists The Sinclair Companies as the "first named insured," *see* Aplt. App. at 123, and acknowledges it is "a Wyoming Corporation," *see* Aplt. App. at 155. But the Policy lists only a Utah address for Sinclair, not a Wyoming one. And although the Policy lists a number of The Sinclair Companies' subsidiaries, including Sinclair Wyoming, as named insureds, *see* Aplt. App. at 155, the only address provided is the Utah one.

After a fire at Sinclair's Wyoming refinery, Sinclair filed a claim under the Policy. Over the course of about a year and a half, Sinclair settled its claim with the other seventeen insurers, but Infrassure refused to pay its share of the settlement amount. Infrassure objected to the calculation of Sinclair's covered business interruption losses. Subsequently, a lawsuit between Sinclair and Infrassure ensued in the federal district court for the District of Wyoming.

In the context of this litigation, Sinclair brought a claim for attorney fees under Wyo. Stat. Ann. § 26-15-124(c), which provides for an award of attorney fees against an insurer if the insurer's refusal to pay a covered amount is "unreasonable or without cause." But Infrassure argued this statute was unavailable to Sinclair because the gateway provision for the Wyoming insurance code, Wyo. Stat. Ann. § 26-15-101, only applies to policies that have been "delivered" or "issued for delivery" in Wyoming. Because Sinclair's complaint had not alleged that the Policy was issued for delivery or delivered in Wyoming, argued Infrassure, Sinclair's claim for attorney fees should be dismissed.

The district court agreed with Infrassure and granted Infrassure's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court recognized that the Wyoming courts had not yet addressed the issue, so it reasoned that the terms "delivered" and "issued for delivery" required an indication that the parties intended the Policy to be delivered in Wyoming. It found that merely covering property or risks located in Wyoming was insufficient to trigger application of the Wyoming insurance code. Sinclair appealed.

Finding that the Wyoming Supreme Court was best suited to resolve this Wyoming statutory interpretation issue with potentially broad impact on the

applicability of the Wyoming insurance code, we asked the Wyoming Supreme

Court to consider the following certified question of law:

> Whether, under Wyo. Stat. Ann. § 26-15-101(a)(ii), an
> insurance policy is "issued for delivery" or "delivered"
> in Wyoming where a Wyoming corporation is a named
> insured, the policy covers risks in Wyoming, and the
> policy provides that coverage shall apply "in the same
> manner and to the same extent" as if the policy had been
> issued to the Wyoming corporation, but no copy was
> ever conveyed to Wyoming and the policy only lists an
> out-of-state address for the insured?

The Wyoming Supreme Court exercised its discretion under Rule 11 of the

Wyoming Rules of Appellate Procedure to accept the question, and it answered

the question in the affirmative. It held:

> We conclude the statute clearly and unambiguously
> provides that an insurance contract is issued for delivery
> in Wyoming if the policy issued is intended to protect an
> insured in Wyoming against risks in Wyoming. The
> plain meaning of the terms "delivery" and "issue," as
> well as the overall purpose of the Wyoming Insurance
> Code, support this meaning.

*Sinclair Wyoming Ref. Co. v. Infrassure, Ltd*, __ P.3d __, 2021 WL 1850892, at

__ (Wyo. May 10, 2021). In response, the parties filed a stipulated motion to

remand to the district court for further proceedings on Sinclair Wyoming's claim

pursuant to Wyo. Stat. Ann. § 26-15-124(c).

Because the Policy applies to—as relevant here—Sinclair Wyoming and its

Wyoming refinery, the district court erred in entering summary judgment for

Infrassure on the matter of attorney fees.  We therefore reverse and grant the stipulated motion to remand.

Entered for the Court


Timothy M. Tymkovich
Chief Judge